UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14342-Moore/McCabe

ANGELICA AZENETH CARDOZO,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON DE 17

THIS CAUSE comes before the Court on Plaintiff's Uncontested Motion for Attorney's Fees ("Motion") (DE 17), which was referred to the undersigned by United States District Judge K. Michael Moore (DE 18). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion (DE 17) be **GRANTED.**

**I.   PROCEDURAL HISTORY**

On June 2, 2020, Plaintiff filed a claim for Social Security disability benefits alleging disability as of September 26, 2019 (DE 14 at 22). The Social Security Administration ("SSA") denied Plaintiff's claim at the lower levels (DE 14 at 22). Plaintiff thereafter requested a hearing, which took place before an administrative law judge ("ALJ") on October 26, 2021 (DE 14 at 22). Following the hearing, on November 4, 2021, the ALJ found Plaintiff not disabled (DE 14 at 32-33). Plaintiff then requested review of the ALJ's decision, which was denied (DE 14 at 2).

On October 4, 2022, Plaintiff filed this action seeking review of the ALJ's decision pursuant to 42 U.S.C. § 405(g) (DE 1 ¶ 1). Thereafter, on January 19, 2023, the Commissioner filed an Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of Cause to Defendant (DE 15). As a result, on January 19, 2023, the District Court reversed the ALJ's decision under sentence four of § 405(g) and remanded this cause for further proceedings (DE 16 at 2). This Motion followed.

## II.   DISCUSSION

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely filed an application for attorney's fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. In this case, the Commissioner does not dispute, and the Court likewise agrees, that Plaintiff qualifies for an award of attorneys' fees under the EAJA.

In EAJA cases, courts determine reasonable attorney's fees "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). The party seeking fees must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman v. Housing Auth. of City of Montgomery*, 836 F. 2d 1292, 1303 (11th Cir. 1988). In addition, courts may use their own experience in assessing the reasonableness of attorney's fees. *Id.* at 1299.

Here, Plaintiff seeks total attorneys' fees of $640.87 (DE 17 ¶ 7). In support, Plaintiff provided an itemized time log of tasks performed, including dates, time spent, and descriptions of work (DE 17 ¶¶ 10-11). The Court finds the hours and rates requested to be reasonable. *See Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). The Court therefore finds that Plaintiff shall be entitled to attorneys' fees in the amount of $640.87.

The Court notes that Plaintiff assigned any EAJA fees awarded in this case to Plaintiff's attorneys (DE 17-1). Normally, EAJA fee awards belong to the party, not the party's attorneys. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Given the assignment, however, any EAJA fees should be paid in Plaintiff's name but sent directly to Plaintiff's counsel (provided that Plaintiff does not otherwise owe any debts to the federal government, in which case, such debts should be offset against the amounts awarded here).

## III. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion be **GRANTED** and that Plaintiff be awarded a total of $640.87 in attorneys' fees. The EAJA fees shall be made payable to Plaintiff and sent to Plaintiff's counsel's office after the Commissioner determines whether Plaintiff owes any federal debts.

The parties shall have five (5) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and

shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, on this 27th day of April 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE